CHICAGO TRUCK DRIVERS, HELP-
ERS & WAREHOUSE WORKERS
UNION PENSION FUND, a pension
trust; George Ossey; Tony Cullotta;
John Broderick; William H. Carpen-
ter, the present trustees; Red Bou-
dreau, Plaintiffs–Appellants,

v,

BROTHERHOOD LABOR LEASING, a
Missouri corporation; MFI Leasing
Company, a Missouri corporation;
Falls City Industries, Inc., a Kentucky
corporation; Middlewest Freightways,
Inc., a Missouri corporation, Defen-
dants–Appellees.

No. 00–2405.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 2001.

Decided April 16, 2001.

Before BOWMAN and FAGG, Circuit
Judges, and CARMAN,[1] Judge.

[UNPUBLISHED]

PER CURIAM.

The District Court[2] enjoined an action
filed by plaintiffs in the Northern District
of Illinois. After a hearing, the court de-
termined that the Illinois federal action
duplicated the instant litigation, which has
a long history in our Circuit. *See Chicago*

1. The Honorable Gregory W. Carman, Chief
Judge, United States Court of International
Trade, sitting by designation.

2. The Honorable David D. Noce, United
States Magistrate Judge for the Eastern Dis-
trict of Missouri, exercising jurisdiction with
the consent of the parties pursuant to 28
U.S.C. § 636(c) (1994 & Supp. IV 1998).

*Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Bhd. Labor Leasing,* 207 F.3d 500 (8th Cir.2000); *Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Bhd. Labor Leasing,* 175 F.3d 1023 (8th Cir.1999) (table); *Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Bhd. Labor Leasing,* 166 F.3d 1269 (8th Cir.1999); *Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Bhd. Labor Leasing,* 141 F.3d 1167 (8th Cir.1998) (table). Concluding that defendants will suffer irreparable harm if the Illinois federal action is not enjoined, and pointing out that the proper course of action is for plaintiffs to take measures to enforce the judgment already entered in their favor in the Eastern District of Missouri, the District Court used its authority under the All Writs Act, 28 U.S.C. § 1651(a) (1994), and enjoined plaintiffs from pursuing their claims in the Northern District of Illinois. Plaintiffs appeal.

Having carefully reviewed the matter, we find no merit in any of plaintiffs' arguments for reversal. The District Court committed no error of fact, and given the record before us we cannot say the court abused its discretion when it enjoined the redundant federal action in Illinois. Accordingly, we affirm. *See* 8th Cir. R. 47B.